IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL BERRIAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-163 (MTT) |
| Warden SHEILA OUBRE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 30). The Magistrate Judge, having reviewed the Defendants' motion to dismiss (Doc. 20), recommends denying the motion as to Defendant Willie Wells because the Plaintiff has sufficiently alleged a deliberate indifference claim for his failure to protect the Plaintiff from violence by fellow inmates. The Magistrate Judge recommends granting the motion as to Defendant Sheila Oubre because the Plaintiff failed to state a claim for supervisory liability against her. The Magistrate Judge also recommends granting the motion on the Plaintiff's request for injunctive relief because that request has been rendered moot by the Plaintiff's transfer to another prison. Wells filed an objection to the Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered Wells's objections and has made a de novo determination of the portions of the Recommendation to which Wells objects. Wells contends the Plaintiff has not sufficiently alleged a claim for deliberate indifference because he has not sufficiently shown that Wells had subjective knowledge of a substantial risk of serious harm. However, the Plaintiff need only allege plausible facts to give rise to an entitlement of relief. The Plaintiff does not merely

allege that Wells "knew or should have known" of the dangers to the Plaintiff. *Cf. Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (finding the plaintiff's allegation that the defendants "knew or should have known" of a risk was the mere recital of an element of a deliberate indifference claim "without providing the facts from which one could draw such a conclusion"). Instead, the Plaintiff here alleges facts, including "frequent shakedowns" and "close security" classifications of many of the dorm's prisoners, that would allow a reasonable person to draw the conclusion that Wells had first-hand knowledge of the dangerous conditions of the dorm in which the Plaintiff was located. The Plaintiff further alleges he placed Wells on notice of the danger by requesting to be placed in protective custody. Accordingly, the Plaintiff has sufficiently stated a claim for deliberate indifference.

Wells further objects to the Magistrate Judge's recommendation that Wells be denied qualified immunity. Wells's sole argument in this regard is that the Plaintiff's failure to sufficiently allege deliberate indifference necessarily means that Wells is entitled to qualified immunity. Because the Court finds the Plaintiff has sufficiently stated a claim against Wells, this argument also fails.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, and the Recommendation is adopted and made the order of this Court. The Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. Oubre is **DISMISSED as a party to this action**. The Plaintiff's claim for injunctive relief is **DISMISSED**. The claim against Wells, in his individual capacity, shall proceed.

**SO ORDERED**, this the 30th day of May, 2014.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT