**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL BERRIAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 5:13-cv-00163 (MTT)(CHW)** |
| **Warden SHEILA OUBRE,** ***et al*****.** | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |

## REPORT & RECOMMENDATION

On May 9, 2013 Plaintiff Michael Berrian filed his complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In the original complaint, Plaintiff alleged that on October 16, 2012, Plaintiff was mistakenly reassigned from administrative segregation into the general inmate population at Baldwin State Prison. *Id.* He further alleged that he asked Defendant Willie Wells, a BSP officer, for placement in protective custody, but that Wells refused. (Pl.'s Second Suppl., Doc. 9, p. 1; Resp., Doc. 28, p. 2). Later in the evening, on October 16, Plaintiff claims he was "Tied up, Blind folded . . . Gaged with a sock" and then "beaten and drag[ged] around [his] dorm floor and kicked on for almost a[] whole hour or longer." (Compl., Doc. 1, p. 3). Plaintiff sued Defendant Wells both for denying his protective-custody request and also for failing to conduct required half-hourly patrols or "post checks" during the time of the attack. (Compl., Doc. 1, p. 3; Pl.'s Second Supp., Doc. 9, pp. 2-3; Defs.' Br., Doc. 20-1, p. 1; Resp., Doc. 28, p. 2). Plaintiff sued Defendant Oubre for "fail[ing] to ensure that her officers monitored inmates to prevent violence." (Resp., Doc. 28, pp. 2, 12-13). *See generally Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994)

("prison officials have a duty … to protect prisoners from violence at the hands of other prisoners").

Defendants Sheila Oubre and Willie Wells filed a Motion to Dismiss for failure to state a claim on October 15, 2013. Doc. 20. Plaintiff's claims against Defendant Oubre were dismissed, but Plaintiff's failure to protect claim against Defendant Wells in his individual capacity, proceeded. Doc. 30, 32. Discovery commenced.

Now before the Court is a Motion for Summary Judgment filed by Defendant Wells. Doc. 37. Although proper notice pursuant to Local Rule 56 was not sent to Plaintiff when Defendant's Motion for Summary Judgment was originally filed, proper notice was sent to Plaintiff on April 15, 2015 alerting Plaintiff that he had thirty days to file "all materials, including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials." Doc. 40. Plaintiff did not file a timely response.

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must

provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 37) be **GRANTED**.

## I. FAILURE TO PROSECUTE

The Eleventh Circuit stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (citing Fed.R.Civ.P. 41(b)); see also *Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute...."). [1] Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, as stated above, Plaintiff failed to comply with the Court's April 15, 2015 notice directing him to respond. Plaintiff did not respond to Defendants' motion for summary judgment. Plaintiff's conduct amounts not only to failure to prosecute and to comply with court orders, but also to an abandonment of his case. This is precisely the type of neglect contemplated the Federal Rules. Therefore, dismissal is warranted.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

With regard to Defendants' Motion for Summary Judgment however, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). As review of the record shows that there is no genuine issue of material fact, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

## II. EVIDENCE PRESENTED

In support of his Motion for Summary Judgment, Defendant has submitted Plaintiff's Deposition (Doc. 37-3); Defendant's Declaration (Doc. 37-4); the Declaration of Tommie Edwards (Doc. 37-5); and the incident report (Doc. 37-6). Plaintiff does not respond.

The undisputed facts of the case show that on October 1, 2012, Plaintiff was transferred from HSP to BSP for a mental health evaluation. Plaintiff's Deposition, p. 35, 6. From October 1 until October 16, Plaintiff was housed in K building, the segregation building. Plaintiff's Deposition, p. 35, 18. In K building, Plaintiff was in a cell by himself. Plaintiff's Deposition, p. 33, 11. Plaintiff was moved to M Building, dorm 3 on October 16, 2012. Plaintiff's Deposition, p. 33, 1. M Building is an open dorm, which means that there are no cells in the dorms, just open rooms with bunk beds. Plaintiff's Deposition, p. 32, 11. Plaintiff was assigned a specific top or bottom bunk. Plaintiff's Deposition, p. 32, 1.

Defendant Wells is a correctional officer at Baldwin State Prison. Doc. 37-4, p. 1. Defendant's responsibilities as a correctional officer include: "maintaining order and discipline

among inmates, enforcing institutional and department rules and regulations, properly reporting the behavior and activities of the inmates, and maintaining constant security and control of assigned posts." *Id.* Defendant was assigned to M building on October 16, 2012. Doc. 37-4, p. 2.

Plaintiff states in his deposition that, on October 16, right after chow call, Plaintiff asked Officer Wells if he could be moved to another dorm because he did not feel comfortable in M3. Plaintiff's Deposition, p. 49, 9-16. Plaintiff states that around 8 o'clock, while he was smoking a cigarette (Plaintiff's Deposition, p. 56, 25), a group of attackers, the identity of which he does not know, bound him with sheets and boot strings. Plaintiff's Deposition, p. 55, 1. Plaintiff further testifies that somewhere between three and twelve inmates made up the group of attackers. Plaintiff's Deposition, p. 57, 15; p. 76, 10-11. Plaintiff was also blindfolded and gagged, and stripped of his clothes. Plaintiff's Deposition, p. 60, 5; p. 91, 9. After they bound him, Plaintiff was kicked and beat on, and dragged to the bathroom. Plaintiff's Deposition, p. 55, 12; p. 91, 16. When Officer Wells entered the dorm, Plaintiff returned back to his bunk from the bathroom, and redressed. Plaintiff's Deposition, p. 91, 2.

In an affidavit, Defendant Wells testifies that he responded to the M3 dorm at around 8:40 pm on October 16, after hearing loud noises coming from the dorm. Doc. 37-4, p. 3. Defendant called for backup. *Id.* Officers are instructed to not intervene when inmates are fighting if the officer's personal safety would be in danger. *Id*. Instead, "the officer is instructed to call for assistance and wait for assistance to arrive before attempting to intervene." Doc. 37-4, p. 4. Lieutenant Edwards, Certified Emergency Response Team Officer Simpson, and Sergeant Easley came to M3. *Id.* After making rounds, Defendant Wells and Edwards found Plaintiff sitting on his bunk with injuries to his face and eye. Doc. 37-4, p. 4; Doc. 37-5, p. 4. Plaintiff was seen in medical and then transported to Oconee Regional Medical Center for treatment for injuries to his

face and eye. Doc. 37-5, p. 4. Plaintiff was returned to the Medical Center for plastic surgery on his broken eye socket October 25, 2012. Plaintiff's Deposition, p. 98.

Following the assault, an incident report was prepared. The report includes statements from the officers who responded as well as a written statement from Plaintiff. In his written statement, Plaintiff states:

> I got into a fight with an inmate that I've been [having] problems with from camp to camp. Me and him can't live in the same dorm and I didn't know he was in M3, but that's all it was, a one on one fight with me and him. I just lost that fight but I'm a man, I can [accept] a loss.

Incident Report, Doc. 37-6, p. 12. The investigation concluded that Plaintiff had been in a fight with inmate Ricardo Daughtry. *Id*., p. 14. Daughtry was also taken to Oconee Regional Medical Center, where he was treated for a broken ankle. *Id.*, p. 16. In addition to the broken ankle, Daughtry was observed to have scratches on his face and back. *Id*. Plaintiff testifies in his deposition that Daughtry was his "homeboy" and was injured while trying to intervene on his behalf to stop the assault. Plaintiff's Deposition, pp 58-59. Both Plaintiff and Daughtry received disciplinary reports as a result of the incident.

## III. DISCUSSION

Plaintiff alleges that Defendant Willie Wells failed to protect him from an attack by other inmates at Baldwin State Prison. Plaintiff, however, fails to show that any genuine issue of material fact remains regarding either claim. Because Plaintiff has not shown that Willie Wells was deliberately indifferent to a substantial risk of serious harm, Defendant Wells is entitled to judgment as a matter of law.

To create genuine issues of material fact as to his deliberate indifference claim, Plaintiff must point to specific evidence that Defendant Wells was deliberately indifferent to a known, substantial risk of serious harm to Plaintiff. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th

Cir. 2013). Although "prison officials have a duty [ ... ] to protect prisoners from violence at the hands of other prisoners," not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833–834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To be "deliberately indifferent," the prison official must have subjective knowledge of the risk of serious harm, and the prison official nevertheless must fail to reasonably respond to the risk. *Id*. at 837–838. "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). Rather, "[t]o survive summary judgment in a case alleging deliberate indifference, an inmate must 'produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.' " *Goodman*, 718 F.3d at 1331, quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

There are no genuine issues of material fact as to whether Defendant Wells exhibited deliberate indifference to Plaintiff's safety either before or after the incident that occurred on October 16, 2012. There is no evidence in the record that Defendant Wells knew of and disregarded an excessive risk to Plaintiff's safety prior to the attack of October 16, 2012, meaning that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Purcell v. Toombs County*, 400 F.3d 1313, 1319–1320 (11th Cir.2005) (quotation omitted). Plaintiff testified that prior to the attack he asked Defendant Wells for protective custody, but Plaintiff also testified that he gave Defendant Wells no specific reasons for his concerns. Plaintiff's Deposition, p. 50, l-18. Plaintiff merely stated that he "didn't feel comfortable" in the dorm. *Id.* Plaintiff also concedes that

he did not tell Defendant Wells that he needed protection from a specific attacker. In fact, Plaintiff had never met the attacker, whom he identifies only as "EP," and had never had any previous incidents with him. Plaintiff's Deposition, p. 51, 3-9. Plaintiff himself did not know the attack was going to happen. Plaintiff's Deposition, p. 54, 1. Other than his request for protective custody, Plaintiff gave Defendant Wells no reason to believe that EP would attack him. Plaintiff has not shown with this testimony that Defendant Wells was "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists," and that he actually did "draw that inference." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotation omitted). The Eleventh Circuit has shown that to satisfy the standard, "there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood." *Turner v. Burnside*, 444 F. App'x 394, 396 (11th Cir.2011).

There also is no evidence in the record that Defendant Wells failed to respond reasonably to the attack on the Plaintiff. See *Farmer*, 511 U.S. at 845 (explaining that "prison officials who act reasonably cannot be found liable."). To the contrary, the evidence submitted in support of Defendant's Motion for Summary Judgment indicates that officers are instructed not to intervene when inmates are fighting if the officer's personal safety would be in danger. Doc. 37-4, p. 3. Instead, "the officer is instructed to call for assistance and wait for assistance to arrive before attempting to intervene." Doc. 37-4, p. 4. Defendant Wells states that when Lieutenant Edwards and Sergeant Easley arrived, they entered the dorm. *Id.* Finally, there is no evidence in the record to establish causation. See *Carter*, 352 F.3d at 1349 (noting that sufficient evidence of causation is necessary in order to survive summary judgment on an inmate's deliberate indifference to a substantial risk of serious harm claim.).

Viewed in the light most favorable to Plaintiff and with all reasonable inferences drawn in Plaintiff's favor, the record fails to show that Defendant Wells acted with deliberate indifference to a known, substantial risk of serious harm to Plaintiff's safety. Accordingly, there are no genuine issues of material fact concerning Plaintiff's failure to protect claim, and Defendant Wells is entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff fails to demonstrate any genuine issue of material fact concerning his deliberate indifference claim, it is hereby **RECOMMENDED** that the Motion for Summary Judgment (Doc. 37) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, the 2nd day of June, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge